DILLON, Judge, dissenting.
I agree with the majority that the trial court should have allowed the State's sole principal eye-witness, on cross-examination, to answer whether she thought or hoped she would receive some leniency for the charges pending against her in return for her testimony against Defendant. A defendant is entitled for the jury to know that the State's principal witness might be biased, based on the possibility that the witness may be shown leniency by the prosecution regarding charges pending against the witness in exchange for the witness's testimony against the defendant.
*616 I conclude, though, that in the present case any error by the trial court was harmless beyond a reasonable doubt. Though the trial court did not allow the witness to answer questions about her hope of receiving leniency, the trial court otherwise gave Defendant's counsel ample opportunity during cross-examination to get his point across to the jury. Specifically, Defendant's counsel was allowed to elicit testimony from the witness about the specifics of her pending drug charges. Also, the trial court allowed the witness to state that she did not "know anything about" whether the State would offer her leniency in exchange for her testimony. (Emphasis added.) The trial court simply did not allow the witness to state whether she "hoped" or "thought" she would receive leniency. Further, the witness testified that all she hoped to gain from testifying was "justice" for her boyfriend, who was the victim.
I have reviewed the Defendant's other arguments and do not believe that he has shown reversible error. Accordingly, my vote is that Defendant received a fair trial, free from reversible error.